ENGLISH vs. FAIRCHILD.

---

### Alexander English vs. Reuben Fairchild.

Questions reserved for the opinion of the Supreme Court, under Sec. 3422 of Compiled Laws, must be distinctly propounded, and be purely questions of law.

Where trial is had by jury in the Court below, and various objections are raised to the admissibility of evidence, and to its sufficiency, and the party objecting concedes that the opposite party is entitled to judgment if the objections are not well taken, and the whole case is thereupon reserved for the opinion of this Court upon the objections so made;—*Held,* That this Court acquires no jurisdiction of the case.

*Decided May 27th.*

Case reserved from Saginaw Circuit.

Action of replevin.

Defense: That defendant took the property, as constable, by virtue of an execution issued on a justice's judgment

against plaintiff, and certain other parties for whom plaintiff was surety for stay of execution.

Trial by jury.

On a prima facie case being conceded to plaintiff, defendant introduced the justice's docket in evidence, and proof was given, under objection, relative to the security for stay of execution, which was alleged to have been detached from the docket, and lost. The execution was then offered in evidence, and objected to on various grounds. Without stating what disposition, if any, was made of these objections, or whether further proceedings were had in the cause, the case, as reserved, states, that "It was admitted by the counsel for plaintiff that if the Court finds that the said Alexander English became security for the stay of execution according to law, and also finds that the foregoing objections of the said plaintiff are not well taken, that the defendant should have judgment for an amount agreed upon for damages, costs, and interest. The questions thus raised, being deemed of sufficient importance, in the opinion of the subscriber, Circuit Judge of said Court, I have reserved the same for the opinion of the Supreme Court."

*Sutherland & Benedict,* for plaintiff.

*Webber & Wheeler,* for defendant.

MARTIN Ch. J.:

Here is no question reserved in accordance with the statute;—*Comp. L.* § 3422. The *whole case* is, in fact, reserved, from which we are to find the questions raised, and to be passed upon by us, as we best may. These questions appear to be both of law and of fact. The rule in relation to questions reserved has been settled in the case of *Bagg vs. The City of Detroit.** To that we shall adhere.

The case must be dismissed for want of jurisdiction.

* Ante, p. 66; see also *The People vs. Adwards,* ante, p. 22.